UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at COVINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 01-CR-83-JMH |
| v. | ) |
| ROBERT KOCH, | ) **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the Report and Recommendation prepared by Magistrate Judge Edward B. Atkins [DE 143]. Said action was referred to the magistrate for the purpose of reviewing the merit of Defendant Wing's first Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 [DE 141].[1] Koch has filed Objections to the Magistrate Judge's Report and Recommendation [DE 144]. The Court is adequately advised and, for the reasons stated below, Defendant's Motion will be denied.

---

[1] Pursuant to 28 U.S.C. § 2255(f)(3), "[a] 1-year period of limitation shall apply to a motion under this section," which runs in this case from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Johnson* was decided on June 26, 2015. Koch's Motion to Vacate [DE 141] was filed in the record of this matter on June 27, 2016, which means that it had to have been placed in the prison mail system prior to that date and was, thus, filed within the period of limitation. *See Houston v. Lack*, 487 U.S. 266, 275 (1988) (holding that prison mailbox rule considers a motion filed when it is handed to prison authorities); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir.1999) (holding that mailbox rule applies to § 2255 motions).

**II.**

Defendant Koch argues that he is entitled to relief from the sentence imposed on him in this matter in light of the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Koch reasons that, even though he was not convicted under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), with which *Johnson* is concerned, his conviction under Count 2 of the Indictment, for discharging a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), is unconstitutional. He reasons that § 924(c)(1)(A) is overly vague and unconstitutional in light of *Johnson* because it relies on the definition of "crime of violence" in 18 U.S.C. § 16, which language is similar to the language used in the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), and invalidated by the Supreme Court in *Johnson*.

The Court agrees with the Magistrate Judge's assessment of the situation. First and foremost, Defendant was convicted of a violation of 18 U.S.C. § 924(c)(1)(A)(iii) for discharging a firearm "during and in relation to a drug trafficking crime," specifically a conspiracy to possess and distribute marijuana [DE 138], not during or in relation to a "crime of violence". That portion of § 924(c)(1)(A)(iii) which relies on § 924(c)(3)(B)'s

definition of "crime of violence" had no effect on his case or sentence. Whether or not *Johnson* could be extended as he suggests, affords him no relief. Nor is there any merit to the argument, raised in Koch's Objection, that the sentence calculated under U.S.S.G. § 2K2.1 was wrongfully enhanced beyond the ten year minimum for discharging a firearm to 188 months by the same factors presented in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Rather, Koch's sentence for Count 2 was calculated with reference to U.S.S.G. § 2K2.4, which sets the Guidelines sentence as the mandatory minimum sentence of 120 months set forth in 18 U.S.C. § 924(c)(1)(A)(iii). The Court departed upward six levels to 188 months because it found that Koch's conduct had resulted in death (to Robert Gibson) and significant physical injury (to Patrick O'Brien).

To the extent that the Magistrate Judge did not address Koch's due process argument concerning fair notice of the statute's reach for the purposes of sentencing or that his argument that he was subject to some sort of arbitrary enforcement of the law, the Court concludes that it is no matter. The Court is not persuaded that the applicable portion of the statute was so vague as to deny him due process of law, nor has Koch cited caselaw to support his contention. Neither is the Court persuaded by Koch's conclusory

assertion that he was somehow the victim of an arbitrary enforcement of the law.

### III.

Finally, the Court considers whether a certificate of appealability should issue in this matter. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Defendant must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). Having carefully considered the matter, this Court concludes that no certificate should issue as Koch cannot make a substantial showing of the denial of a constitutional right.

Accordingly, **IT IS ORDERED:**

(1) that the Magistrate Judge's Report and Recommendation [DE 143] is **ACCEPTED** and **ADOPTED**;

(2) that Koch's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [DE 141] is **DENIED**; and

(3) that no certificate of appealability will issue.

This the 13th day of October, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge