UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at COVINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | 2:01-cr-083-JMH-EBA-2 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ROBERT KOCH. ) | **AND ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*

Federal prisoner, Robert Koch ("Koch"), proceeding *pro se*, has filed a motion styled "Motion for First Step Act's Amendment of 2582(c)(1)(A)(i) for 'extraordinary and compelling reasons'..." [DE 156]. His request for a reduction in sentence for "extraordinary and compelling reasons" will be denied because there is no indication that he has exhausted his administrative remedies. Additionally, he cannot assert his alleged Sixth Amendment claim without authorization from the United States Court of Appeals for the Sixth Circuit. Therefore, the portion of his motion construed as a successive § 2255 motion, will be transferred to the Sixth Circuit in accordance with 28 U.S.C. § 2244, for a determination as to whether Koch should be allowed to pursue a second or successive motion for relief under § 2255. *See* 28 U.S.C. 2255(h).

## I. Procedural Background

On May 14, 2002, Koch was found guilty of five counts of a superseding criminal indictment, including marijuana-related offenses as well as weapons offenses. [DE 59]. Davis was sentenced on October 3, 2002. [DE 77]. That sentence was ultimately vacated and remanded for re-sentencing. [DE 93-94].

On September 20, 2005, the Court re-sentenced Koch, [DE 102], and subsequently sentencing Koch to sixty (60) months on Counts 1, 3, 4, and 6 to be served concurrently with each other, and a term of one hundred eighty eight (188) months on Count 2, to be served consecutively to the terms imposed on Counts 1, 3, 4, and 6 for a total term of imprisonment of two hundred forty-eight (248) months. [DE 103]. Koch has now moved for a reduction of his sentence. [DE 156].

## II. Analysis

### A. Koch's Request for Reduction For "Compelling and Extraordinary Reasons" Under 18 U.S.C. § 3582(c).

Koch requests the Court to reduce his term of imprisonment for "extraordinary and compelling" under the First Step Act amendments to 18 U.S.C. § 3582(c). [DE 156]. Even if Koch demonstrated an "extraordinary and compelling" reason to reduce his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i), Koch failed to exhaust his administrative remedies as required by the

statute.  As such, his request for a reduction is premature and must be denied.

On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was signed into law. Among other reforms, the First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the Bureau of Prisons' denial of compassionate release. Pub. L. No. 115-391, § 603(b).

To request a reduction in his or her term of imprisonment for "compelling and extraordinary reason," a defendant must comply with the requirements set forth in 18 U.S.C. § 3582(c). The language of 18 U.S.C. § 3582(c)(1)(A)(i) specifically provides:

> (c) Modification of an imposed term of imprisonment. The Court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of

> the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) Extraordinary and compelling reasons warrant such a reduction.

While the First Step Act of 2018 expanded the criteria for compassionate release and gives defendants the opportunity to appeal the Bureau of Prisons' denial of compassionate release, but did not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief. *Id.; see also*, Pub. L. No. 115-391, § 603(b).

The present motion, [DE 156], is not brought by the Director of the Bureau of Prisons and it does not appear that Koch has exhausted his administrative remedies. *See Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001). Accordingly, his request for reduction to his term of imprisonment must be denied.

**B. Koch's Sixth Amendment Claim**

Koch next claims the Court sentenced him in violation of his rights under the Sixth Amendment of the United States Constitution. [DE 156 at 3, PageID #223]. Among other things, Koch claims "at sentencing the judge used his discretion by sentencing fact finders not found by the jury which violated Koch 6th Amendment right to a jury and now is illegal... ." [*Id*.]. He further argues that his

sentence was illegally enhanced. [Id. at 3-4, PageID# 155-156]. While Koch's argument is unclear, it is clear that Koch seeks to collaterally attack his sentence. However, this claim must be asserted in a § 2255 petition.

The language of 28 U.S.C. 2244(b)(3)(A) provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Because Koch's motion, [DE 156], is construed, in part, as a second or successive motion seeking relief under 28 U.S.C. § 2255, it must be properly certified by a panel of the United States Court of Appeals for the Sixth Circuit before it can be considered by this Court. *See* 28 U.S.C. § 2255(h). As a result, Koch's claim is transferred to the United States Court of Appeals for the Sixth Circuit.

### III. Conclusion

For the reasons outlined above, it is hereby **ORDERED** as follows:

1) To the extent that Defendant Koch's motion, [DE 156] is construed as a motion requesting reduction of sentence for "extraordinary and compelling reasons," under 18 U.S.C. § 3582(c)(1)(A)(i), the motion is **DENIED;** and

2) With respect to the defendant's Sixth Amendment claim, the Clerk of the Court is **DIRECTED** to transfer the matter to the

5

United States Court of Appeals for the Sixth Circuit as a successive petition seeking relief under 28 U.S.C. § 2255.

This the 14th day of August, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge